UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>ex rel. DON HANKS,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES ONCOLOGY<br>SPECIALITY, LLP;<br><br>    and Other Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **PLAINTIFF'S MEMORANDUM OF**<br>**LAW IN RESPONSE AND OPPOSITION**<br>**TO THE UNITED STATES' MOTION TO**<br>**AUTHORIZE SETOFF**<br><br>Civil Action No. CV-08-3096<br><br>    (Johnson, J.)<br>    (Levy, M.J.) |

I.  BACKGROUND.

The United States seeks to pay itself the full amount of the proceeds provided to Relator Don Hanks – $220,411.04.[1]

The United States ignores the clear and binding law that Relator's attorneys *have a property interest in the settlement proceeds that may not be taken by the government*. Whatever money is owed by Relator Hanks to the Internal Revenue Service may only be setoff as to the money that Hanks' actually owns as to the settlement. Put another way, Relator's attorneys must first be paid in full their property interest in the settlement proceeds via their contingency fee agreement before any money may be setoff by the government.

The United States further ignores its own statutes that expressly provide for attorneys' fees in just such an instance. In other words, the United States is claiming a right to Relator Hanks' attorneys fees *in violation* of its own statutory limitation that such attorneys' fees take priority of tax liens.

That means that Hanks' attorneys are entitled to $99,184.97 prior to any setoff taking effect. Only after Hanks' attorneys have been paid based upon their property right to their contingency fee share of the settlement, then and only then may the United States exercise its setoff.

II.  STATE OF CALIFORNIA LAW EXPLICITLY GOVERNS.

Under clear federal law, "The rights and obligations of parties to a contingency fee contract are governed by state law." *Augustson v. Linea Aerea Nacional-Chile S.A.*, 76 F.3d 658

---

[1]There has been no accounting as to the *two years* that the United States has held this money and not paid Mr. Hanks as to interest owed to Mr. Hanks.

1

(5th Cir. Tex. 1996). Here, that means California law governs. The contingency fee agreement between Hanks and his attorneys has a clear choice of law provision stating that California law governs. *See* Declaration of Rob Hennig, Ex. A at ¶ 13.

### III. CALIFORNIA LAW GIVES HANKS' ATTORNEYS A PROPERTY RIGHT IN ANY RECOVERY THAT CANNOT BE TAKEN BY THE GOVERNMENT.

The United States, in its Memorandum of Law, fails to cite to a single case or statute that supports its novel theory that it may take *the full amount of any settlement regardless of the contingency fee agreement of Hanks' attorneys*. The reason for this is obvious: There is no caselaw or statute that supports its position.

It is well settled law that a contingency fee agreement under California law creates a property right for the attorney to be paid out of the settlement proceeds when the contingency has been fulfilled. As the California Supreme Court has stated:

> A contingent fee agreement vests the attorney with an equitable interest in that part of the client's cause of action which is agreed upon as the contingent fee. This proposition may be given practical effect by the imposition of a constructive trust for the protection of the attorney's equitable interest, by acknowledging the existence of an express trust created by the contingent fee agreement in favor of the attorney, or by ruling that neither the client nor the opposite party, if the latter has knowledge of the attorney's rights under the contingent fee agreement, can so compromise the litigated subject matter as to defeat the attorney's rights. . .

*Jones v. Martin*, 41 Cal. 2d 23, 27 (Cal. 1953) *overruled on other grounds*, *Fracasse v. Brent*, 6 Cal.3d 784, 788-789 (Cal. 1972). "[T]he courts held that upon execution of the contingent fee contract the attorney, like a vendee, immediately acquired equitable title to his share of the land and that such interest would be protected, if necessary, by the imposition of a constructive trust." *Isrin v. Superior Court*, 63 Cal. 2d 153, 158 (Cal. 1965)

2

California case law is overwhelming that an attorney has *an equitable interest* in the proceeds of a settlement or award pursuant to a contingency fee agreement:

> It is settled in California that an attorney's lien against the prospective recovery of a client upon his claim, to secure the payment of a contingency fee for services to be rendered in connection therewith, may be created by contract. The effect of such a contract, or its counterparts by which the client agrees that the attorney, as a fee in the premises, shall have a percentage of whatever amount is recovered, has been characterized as creating a charging lien as constituting an equitable assignment pro tanto of the client's claim and his right to recover thereon as security as vesting in the attorney an equitable interest in the client's recovery as security; or, more correctly stated, ***as entitling the attorney to any available equitable remedy necessary to effect payment of his fee for services rendered in connection with his client's claim out of any recovery upon that claim***.

*Gostin v. State Farm Ins. Co.*, 224 Cal. App. 2d 319, 323-324 (Cal. App. 4th Dist. 1964) (emphasis added) (citations omitted).

Hanks' attorneys, therefore, have a lien against any proceeds that is enforced to effectuate the contract between them. *Id*. at 324-325 ("In either event, the attorney may enforce the lien created by his contract of employment and obtain payment of the fee due him from the amount recovered on the client's claim. A lien is a charge imposed . . . upon specific property by which it is made security for the performance of an act.") (citation and quotations omitted)

Overwhelming case law clearly establishes that Relator's attorneys, given their property interest in the settlement proceeds, may not have such an equitable interest violated by the United States. Other case law amply supports this position. *See LMWT Realty Corp. v. Davis Agency*, 85 N.Y.2d 462, 470 (N.Y. 1995) ("We conclude the purpose of the statute and the considerations of equity are both best served by according priority to an attorney's charging lien when the attorney's efforts have produced a fund subject to a taxing entity's special lien imposed on fire insurance proceeds pursuant to General Municipal Law § 22.")

3

The United States' failure to cite to a single case or statute in support of its position that it may violate Relator Hanks' attorneys property right in the settlement is telling.

IV. **IRS REGULATIONS EXPRESSLY ALLOW THAT ATTORNEY PAYMENTS SUCH AS HERE ARE TO RECEIVE PRIORITY OVER IRS TAX LIENS.**

Internal Revenue Code § 6323 (b) expressly allows for the protection of certain interests from I.R.S. liens. Included in this listing are liens for attorney's fees such as here, where the amount of the debtor's property has been increased. *See* I.R.C. § 6323(b)(8) (26 U.S.C. § 6323(b)(8)) ("Attorneys' liens. With respect to a judgment or other amount in settlement of a claim or of a cause of action, as against an attorney who, under local law, holds a lien upon or a contract enforcible against such judgment or amount, to the extent of his reasonable compensation for obtaining such judgment or procuring such settlement, except that this paragraph shall not apply to any judgment or amount in settlement of a claim or of a cause of action against the United States to the extent that the United States offsets such judgment or amount against any liability of the taxpayer to the United States.")

There is binding case law establishing the super-priority of attorney's liens over any taxes due. In *United States v. Ripa*, 323 F.3d 73 (2d Cir. N.Y. 2003), the Second Circuit Court of Appeals stated:

> Section 6323(b)(8) was established by the Federal Tax Lien Act of 1966, "the first comprehensive revision and modernization of the provisions of the internal revenue laws concerned with the relationship of Federal tax liens to the Â [81]Â interests of other creditors." H.R. Rep. No. 1884, at 1 (1966). The Act's amendments to the Code created superpriority for various creditors, such as mechanics, on the theory that the work of these creditors was "likely to add to the value of the property" to the ultimate benefit of the government. Id. at 6. Similarly, the Act added a provision establishing superpriority for attorneys' liens under certain circumstances.

In other words, the I.R.S.'s own governing authority explicitly provides that Relator Hanks' attorneys fees *must* be paid prior to any lien or setoff by the United States. This statutory super-priority for Hanks' attorneys is recognized and binding in the Second Circuit. *See Jaffie Contracting Co. v. Doff*, 1995 U.S. Dist. LEXIS 11765 *15 (S.D.N.Y. Aug. 15, 1995) ("[U]nder federal law, an attorney's charging lien is superior to any claim of the IRS. See 26 U.S.C. § 6323(b)(8).")[2]

V. **HANKS ATTORNEYS' ARE ENTITLED TO THEIR FULL 45 PERCENT SHARE OF THE SETTLEMENT PROCEEDS.**

Hanks and his attorneys, the Law Offices of Rob Hennig, entered into a contingency fee agreement. *See* Hennig Decl., ¶ 4 and Ex. A. This agreement entitled Hanks' attorneys to 45 percent of all proceeds of any amount obtained by settlement. *Id*. at Ex. A ¶ 6.1(a).

The contingent factor has been met. *Id*. at ¶ 5. The settlement proceeds of $220,411.04 is currently being withheld by the federal government. *See* Memorandum of Law in Support of United States' Motion to Authorize Setoff, p. 4.

At the 45 percent contingency fee rate, Relator's attorneys are entitled to $99,184.97.

---

[2]Given the clear and express exclusion for attorneys' fees in the I.R.S.'s own statutes, the United States' Motion for Setoff without allowing expressly for the fees of Relator Hanks' attorneys, Plaintiff provided clear notice to the United States of its error. *See* Hennig Decl., ¶ 6 and Ex. B. Yet, even after be shown the clear error of its Motion, the United States has refused to correct this error and continued to demand a full setoff – failing to provide for the attorneys' fees for Hanks' attorneys as required. *Id*.

## VI. CONCLUSION.

The United States' Motion for Setoff is devoid as to any statute or case that supports it position. That is because *both* caselaw and statutes are in opposite to the United States' position.

It is, quite frankly, hubris of the United States to claim the *entire* proceeds of the settlement without provision for the rights of Relator Hanks' attorneys to recover their property right in the proceeds of the settlement.

Relator Hanks and his attorneys request that this Court deny the Motion for Setoff as to $99,184.97 with that amount to be provided in full to Relator's attorneys.

Dated: February 16, 2016             Respectfully submitted,


                                     / s /
                                     _____
                                     Rob Hennig
                                     California Bar No. 174646
                                     Law Offices of Rob Hennig
                                     1875 Century Park E., Suite 1770
                                     Los Angeles, CA 90067
                                     rob@robhennig.com
                                     (310) 843-0020 Phone
                                     (310) 843-9150 Fax
                                     Admitted *Pro Hac Vice*
                                     Attorney for Plaintiff/*Qui Tam* Relator

<u>PROOF OF SERVICE</u>

**Case Name:** *United States of America ex rel. Don Hanks, et al. v. Amgen, Inc., et al.*
**Court:** United States District Court – Eastern District New York
**Case No:** CV-08-3096

    I am employed in the County of Los Angeles in the State of California. I am over the age of 18 and not a party to the within action. My business address is: 1925 Century Park East, Suite 1960, Los Angles, CA 90067.

    On <u>FEBRUARY 16, 2016</u>, I served the document(s) described as:

**PLAINTIFF'S MEMORANDUM OF LAW IN RESPONSE AND OPPOSITION TO THE UNITED STATES' MOTION TO AUTHORIZE SETOFF**

**DECLARATION OF ROB HENNIG IN SUPPORT OF RELATOR'S RESPONSE AND OPPOSITION TO UNTIED STATES' MOTION TO AUTHORIZE SETOFF**

    on the party or parties addressed as follows:

Deborah Zwany
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201
718-254-7000
718-254-6579 (fax)
Deborah.Zwany@usdoj.gov

Borris Kukso
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, DC 20044
Boris.Kukso@usdoj.gov

**(Attorneys for the United States of America)**

[X]    (BY ELECTRONIC MAIL) I delivered or caused to be delivered a true and correct electronic image by attachment of the the foregoing documents to an electronic message to the persons stated herein at the email addressses stated herein. I am readily familiar with the firm's practice for the service of documents by electronic mail.

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. Executed on <u>FEBRUARY 16, 2016,</u> at Los Angeles, California.

/ s /
_____
ROB HENNIG