UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------X
UNITED STATES OF AMERICA,
ex rel. DON HANKS,                                 Civil Action No. CV-08-3096
                Plaintiffs,
                                                (Johnson, J)
    v.                                                           (Levy, M.J.)

AMGEN, INC.; et al.

                Defendants.

------------------------------------------------------X

## REPLY TO DON HANKS' RESPONSE IN DOPPOSITION TO
## THE UNITED STATES' MOTION TO AUTHORIZE SETOFF

      The United States of America moves the Court to authorize a setoff of the entire amount due to Donald Hanks, the relator herein, against the unpaid balance of the judgment for federal income taxes entered against Hanks in *United States v. Donald F. Hanks et al*, No. 3:09-cv-101 (U.S.D.C. M.D. Fla. Feb. 4, 2013). Hanks opposes the Government's motion and maintains that his attorneys are entitled to $99,184.97 prior to any setoff taking effect. *See* Hanks' Memorandum Of Law In Response And Opposition To The United States' Motion To Authorize Setoff ("Opposition").

      The Opposition does not dispute (1) that Hanks owes the tax debt, (2) that per the settlement agreement in this action, the United States is obligated to pay Hanks his share of the settlement fund, (3) that mutuality exists between the United States and

13629397.1

Hanks, and (4) that the United States has the common law right of setoff. The Opposition's point is only that Hanks' attorneys should be entitled to get a share of the settlement proceeds before the setoff takes place. See Opposition.

Specifically, the Opposition argues that Hanks attorneys "have a property interest in the settlement proceeds." *Id*. at 1. According to the Opposition, "contingency fee agreement under California law creates a property right for the attorney to be paid out of the settlement proceeds when the contingency has been fulfilled." *Id*. at 2. The Opposition argues that under 26 U.S.C. § 6323(b)(8), an attorney's charging lien has priority over IRS liens. *Id*. at 4-5.

**Hanks' Attorney's Lien Does Not Get Superpriority Under Section 6323(a)(8)**

The Opposition's argument fails because the United States seeks to collect Hanks' tax liability by the common law right of setoff, by applying the funds owed to Hanks under the settlement against Hanks' tax debt. The United States' right of setoff is superior to Hanks' attorneys lien. Pursuant to Section 6323(a)(8), an attorney's lien has superiority over the federal tax lien, with one exception: "this paragraph shall not apply to any judgment or amount in settlement of a claim…against the United States **to the extent that United States offsets such judgment or amount against any liability of the taxpayer to the United States**." 26 U.S.C. § 6323(a)(8) (emphasis added).

2

Here, the United States seeks to effectuate exactly the kind of offset contemplated in Section 6323(a)(8), so its right is superior to any attorney's lien.

The redacted version of the retainer agreement offered by the Opposition provides that if the United States intervenes in the *qui tem* action (as it in fact has), "ATTORNEY shall receive a contingent fee equal to forty five (45%) per-cent for any and all proceeds awarded to or obtained by CLIENT." *See Qui Tem* Retainer Agreement For Don Hanks, ¶. 6.1(a).

The Opposition contends that the retainer agreement is governed by California state law and creates a charging lien in favor of Mr. Hennig.[1] The United States does not concede any of these points. However, assuming that Mr. Hennig has a valid lien on "any and all proceeds awarded to or obtained by CLIENT" in this *qui tem* action, that lien does not enjoy the superpriority under 26 U.S.C. § 6323(b)(8), because the United States seeks to offset the money due to Hanks under the *qui tem* settlement against Hanks' tax liability. Thus, under the explicit terms of Section 6323(b)(8), Hennig's attorney's lien, if it exists, does not get superpriority over the Government.

The Opposition cites the Second Circuit decision in *United States v. Ripa*, 323 F.3d 73 (2d Cir. 2003) for the proposition that attorney's liens have superpriority "over any

---

[1] "In California, an attorney's lien is created only by contract—either by an express provision in the attorney fee contract or by implication where the retainer agreement provides that the attorney is to look to the judgment for payment for legal services rendered." *Carroll v. Interstate Brands Corp.*, 99 Cal.App.4th 1168, (2002) (citations omitted). "An attorney's contractual lien is created and takes effect when the fee agreement is executed." *Waltrip v. Kimberlin*, 164 Cal.App.4th 517, (2008).

3

taxes due." Opposition at 4. In fact, the *Ripa* decision supports the Government's argument here. In *Ripa*, the court concluded that under 26 U.S.C. § 6323(c)(8), the taxpayer's attorney's claim to a portion of a monetary award against the Government in a civil forfeiture suit was inferior to the Government's interest. The court specifically did not address the Government's argument that it has an independent right of offset, but noted that "We have held that the United States has the right to offset a fine and interest thereupon against an order to return seized currency… Reading section 6323(b)(8) in light of the statute's purpose of maximizing federal revenue, we therefore see no reason to conclude that Congress intended to circumscribe the government's ability to offset…." *Ripa*, 323 F.3d at 84 (citation omitted).

The *Ripa* decision thus supports the Government's position here. Hanks' attorney's lien does not get superpriority under Section 6323(a)(8).

**The Government Has A Right Of Offset In This Case.**

It is undisputed that Hanks owes the tax debt and that under the the settlement agreement in this action the United States is obligated to pay Hanks his share of the settlement fund. Consequently, mutuality exists between the United States and Hanks, and the United States can effectuate the setoff.

A recent Ninth Circuit decision *United States v. Kim*, 806 F.3d 1161 (9th Cir. 2015) further illustrates the interplay between the tax lien and the Government's right of offset, and supports the Government's claim here.

In *Kim*, the taxpayer obtained an award of attorney's fees against the United States under the Civil Asset Forfeiture Reform Act (CAFRA). In the District Court proceeding, the Government explicitly waived its right to offset the tax liability with the fee awards, and so was "left with only its tax liens, which it had previously admitted were inferior in priority to [taxpayer's attorneys] interest." *Id.*, at 1166. On appeal, the Government sought to bar the taxpayer's attorney's recovery under the Anti-Assignment Act (31 U.S.C. § 3727). The Ninth Circuit ruled that the Anti–Assignment Act applies to void the assignment in the representation agreement between the taxpayer and the attorney and remanded for further proceedings. It also specifically stated that "Nothing in our opinion today impinges upon the Government's statutory right to offset an award of attorney's fees against a claimant's tax liabilities… Having waived the right to set off the attorney's fees awards, the Government must rely on its tax liens against the [taxpayers], and it is free to enforce them. But in doing so, the Government will have to contend with [taxpayer's] attorney's lien." *Kim*, 806 F.3d at 1177.

In this proceeding, unlike in *Kim*, the United States does not waive its right of offset, but specifically asserts it. The case law is clear that such right exists. "The United

5

States as creditor has at least as much right to a set-off as an ordinary person." *Malman v. United States*, 202 F.2d 483, 485 (2d Cir. 1953) (Attorney cannot recover on statutory lien because the government's superior set-off right exceeded the client's recovery on the underlying contract claim.). *See also* 31 U.S.C. § 3728 (requiring the Secretary of the Treasury to withhold paying any part of a judgment against the United States that is equal to a debt owed to the Government).

The United States explicitly asserts its right to apply the money it owes to Hanks under the terms of the *qui tem* settlement agreement to Hanks' outstanding tax debt. This right does not stem from the federal tax lien, but is in addition to the lien. Had the United States chosen to proceed under the lien, as it did in *Kim*, 26 U.S.C. § 6323 would come in to play. It does not here.

Finally, the Opposition's assertion that in no reported case the Government was able to offset money due to a taxpayer ahead of the taxpayer's attorney's lien is simply not true. *See Astrue v. Ratliff*, 560 U.S. 586 (2010) (attorney's fee award under the Equal Access to Justice Act is payable to the litigant, and is subject to offset for litigant's pre-existing debts to the Government); *United States v. Kim*, 806 F.3d 1161, 1177 (9th Cir. 2015) (Government has a right to offset an award of attorney's fees under the Civil Asset Forfeiture Reform Act against a claimant's tax liabilities); *United States v. Cohen*, 389 F.2d 689 (5th Cir.1967) (the attorneys' right to the fees 28 U.S.C. § 2678 were derivative of plaintiff's recovery and subject to the government's right of setoff).

13629397.1

For the reasons stated above, the United States requests that the Court issue an order determining that it can setoff the entire amount due to Hanks under the Settlement Agreement against the unpaid balance of the Judgment.

Dated: February 23, 2016.

>CAROLINE D. CIRAOLO
>Acting Assistant Attorney General
>
>*/s/ Boris Kukkso*
>BORIS KUKSO
>Trial Attorney, Tax Division
>U.S. Department of Justice
>P.O. Box 683
>Washington, D.C.  20044
>202-353-1857 (v)
>202-307-0054 (f)
>Boris.Kukso@usdoj.gov
>
>
>*Of Counsel:*
>ROBERT L. CAPERS
>United States Attorney
>
>*Attorneys for the United States of America*

13629397.1

CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of February, 2016, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties entitled to receive it.

                                        _/s/ Boris Kukso_____
                                        BORIS KUKSO
                                        Trial Attorney
                                        United States Department of Justice, Tax Division

13629397.1