

1220 L Street, N.W.
Ste. 100, #418
Washington, DC 20005-4018

Hays Gorey, Jr.
202.644.8732
Hays.Gorey@geyergorey.com
www.geyergorey.com

May 8, 2017

Hon. Sterling Johnson, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

    Re:    United States ex rel. Hanks v. US Oncology Specialty,
              LLP, et al., No. 1:08-cv-03096-SJ-RML (E.D.N.Y.)

PHILADELPHIA
One Liberty Plaza
Suite 1750
Philadelphia, PA 19106
215.375-7790

MAIL PROCESSING
CENTER
PO Box 847
Moorestown, NJ 08057
Fax: 888.686.8346

Dear Judge Johnson:

Don Hanks, the Relator in this *qui tam* action, filed his initial complaint in 2008. The complaint that is now operative was filed in May 2014. Dkt. 51. Subsequently, motions to dismiss were filed and argued. The matter was submitted for decision in October 2014. Dkt. 146-160. Later that year and in the following year, Plaintiff-Relator moved for a default judgment against Regional Consultants in Hematology and Oncology, Inc. (Dkt. 162, 168.) Thereafter, the Internal Revenue Service, in connection with the settlement agreement reached with Amgen, Inc. in the main case, moved the Court to authorize a setoff against the relator fees due Mr. Hanks from the Amgen settlement. Briefing on the setoff issue was completed in February 2016. Dkt. 174-178. Meanwhile, pending a resolution of the IRS's motion, the government is holding the funds awarded to Mr. Hanks – a total of $220,000 – in escrow.

Mr. Hanks is 64 years old and in poor health. He has not worked since his termination by Amgen in May 2007. The longer the motions to dismiss remain resolved, the more likely it is that Mr. Hanks will either die before the issues have been resolved or be unable to complete his duties as the Relator.

In view of the length of time the several motions have been pending, we urge the Court to endeavor to resolve the issues raised by them and to render decisions on them as expeditiously as possible.

Finally, once the Court has ruled on the motions, we ask that Your Honor schedule a status conference as soon thereafter as practicable to set a discovery schedule.[1]

Thank you for your consideration of this request.

Sincerely yours,

HENNIG RUIZ

Rob Hennig
Partner
Los Angeles


GEYERGOREY LLP

Hays Gorey, Jr.
Partner
Washington, D.C.

---

[1] We advised counsel for the defendants as well as the United States of our intention to request that the Court address the matters identified above as expeditiously as possible and invited them to join in our request or separately to urge the Court to act on the various pending motions. Specifically, we wrote: "We would welcome your joining in this request either by writing separately or by allowing us to state specifically why your clients also desire that the Court act on the pending motions." None of the defendants responded to us. The United States, through the Office of the United States Attorney and the Tax Division of the Department of Justice declined to join in or to take a position on our request. The government did not explain the basis for its decision. We note, however, that so long as the status quo prevails, Mr. Hanks' relator's share will remain inaccessible to him and his counsel.