UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

UNITED STATES OF AMERICA, *ex rel*.
Don Hanks,

                     Plaintiff,

       - against -

AMGEN, INC., *et al*.,

                Defendants.

------------------------------------------------------------ X

**MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

08-cv-3096 (BMC)

**COGAN**, District Judge.

       This *qui tam* action is before me on remand from the Court of Appeals for the Second Circuit for the sole purpose of considering the question of whether this Court has subject-matter jurisdiction over the action. Specifically, the Circuit instructed the Court to determine whether the False Claims Act ("FCA") public disclosure bar applies to relator Don Hanks and whether Hanks was the "original source" of the information on which his allegations are based. Because defendants' various motions to dismiss (filed at Dkt. 227 and its attachments) largely cover the same arguments, I construe them as one motion to dismiss and Hanks's brief (Dkt. 228) as the collective opposition thereto. For the reasons set forth below, the Court dismisses Hanks's FCA claim for want of subject-matter jurisdiction.

## BACKGROUND

       In 2008, Don Hanks, a former Amgen sales representative suing as a relator of the United States and several individual states, brought a *qui tam* action under 31 U.S.C. § 3730 and several state-law analogues.[1] Between then and 2014, Hanks amended his complaint five times. To

---

[1] The action was originally filed in the Middle District of Florida, which granted the United States's motion to transfer the action to this District, see 28 U.S.C. § 1404(a), later in 2008.

summarize his fifth amended complaint, Hanks alleged that defendant oncology practices, healthcare providers, and group purchasing organizations (collectively, the "provider defendants") conspired with pharmaceutical company Amgen to purchase Amgen drugs at discounted rates with knowledge that Amgen would fail to report those discounts to government agencies.  Hanks alleged that the provider defendants' unreported discounts resulted in kickbacks to physicians in violation of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b.

In 2012, the United States partially intervened in this action for the purpose of settling the claims against Amgen, which were formally dismissed in a so-ordered stipulation in 2013; the provider defendants remained in the case.

In 2018, the Judge Sterling Johnson dismissed without prejudice Hanks's fifth amended complaint on the grounds that Hanks's allegations were raised in earlier lawsuits by other plaintiffs in violation of the FCA's first-to-file rule.  United States ex rel. Hanks v. U.S. Oncology Specialty, LLP, 336 F. Supp. 90, 116-17 (E.D.N.Y. 2018) ("Hanks I") (citing 31 U.S.C. § 3730(b)(5)).  That decision, however, did not address the issue of whether the FCA's public disclosure bar, 31 U.S.C. § 3730(e)(4), deprived the court of subject-matter jurisdiction. Hanks appealed the dismissal.

In 2020, the Court of Appeals for the Second Circuit held that "[b]ecause federal courts are not generally permitted to assume the existence of subject-matter jurisdiction, we vacate and remand for the district court to determine whether the public disclosure bar applies to Hanks's claims."[2]  United States ex rel. Hanks v. United States, 961 F.3d 131, 134 (2d Cir. 2020)

---

[2] The Second Circuit recognized that the applicable statute for purposes of the analysis of the public disclosure bar in this case is the pre-2010 version of 31 U.S.C. § 3730(e)(4)(A), because that was the governing statute at the time this action was filed in 2008.  The Supreme Court has held that the 2010 Patient Protection and Affordable Care Act's amendments to the FCA's public disclosure bar do not apply to cases that were pending as of March 2010 because the new statute makes no mention of retroactivity.  See Schindler Elevator Corp. v. United States ex rel Kirk, 563 U.S. 401, 403 n.1 (2011); Graham County Soil and Water Conservation Dist. v. United States ex rel

("Hanks II").  The Circuit instructed that "the jurisdictional question" for the District Court to decide in the first instance on remand "is relatively straightforward: whether Hanks was an original source of the information underlying his claims."  Id. at 137-38.  It further explained that the FCA's first-to-file rule, which the District Court used to dismiss the action, is "not jurisdictional and instead bears on the merits of whether a plaintiff has stated a claim."  Id. at 137 (cleaned up).

Later in 2020, Hanks amended his complaint twice more.[3]  In 2021, the remaining provider defendants moved to dismiss under Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  In 2022, this Court ordered the United States to "file a Statement of Interest . . . addressing the following issues: (1) whether the Seventh Amended Complaint is based upon public disclosures within the meaning of 31 U.S.C. § 3730(e)(4)(A) (1994); and (2) if so, whether the relator – before filing this action – voluntarily provided the government with information about which he had direct and independent knowledge."

In 2023, the United States filed a statement of interest that essentially adopted defendants' arguments in support of dismissal, contending that Hanks was not an original source and, therefore, the public disclosure bar applies.

## LEGAL STANDARD

"A case is properly dismissed for lack of subject-matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citation omitted).  The plaintiff has the burden

---

Wilson, 559 U.S. 280, 283 n.1 (2010).  For purposes of this opinion, the pre-2010 version of the public disclosure bar applies.

[3] The Court finds no additional allegations between the fifth and seventh amended complaints that implicate the jurisdictional question presented.

of proving by a preponderance of the evidence that the court has subject-matter jurisdiction.  See

Morrison v. Nat'l Austl. Bank Ltd., 547 F.3d 167, 170 (2d Cir. 2008).  In a motion to dismiss

pursuant to Rule 12(b)(1), "a district court may refer to evidence outside the pleadings."

Cangemi v. United States, 13 F.4th 115, 129 (2d Cir. 2021).

## DISCUSSION

### I.     The False Claims Act and the 1994 Public Disclosure Bar

The FCA provides that "any person [who] knowingly presents, or causes to be presented,

a false or fraudulent claim for payment or approval" or conspires to do so "is liable to the United

States Government."  31 U.S.C. § 3729(a)(1).  As relevant here, the *qui tam* enforcement

provision of the FCA allows a private party (known as a "relator") to bring an FCA action on

behalf of the United States.  31 U.S.C. § 3730(b)(1).

The public disclosure bar at the time the action was filed in 2008, as the previous District

Court and Second Circuit recognized, is applicable to this action.  See supra n.2.  That provision

provides:

> (A) No court shall have jurisdiction over an action under [the FCA] based upon
> the public disclosure of allegations or transactions in a criminal, civil, or
> administrative hearing, in a congressional, administrative, or Government
> Accounting Office report, hearing, audit, or investigation, or from the news
> media, unless the action is brought by the Attorney General or the person
> bringing the action is an original source of the information.

> (B) For purposes of this paragraph, "original source" means an individual who
> has direct and independent knowledge of the information on which the
> allegations are based and has voluntarily provided the information to the
> Government before filing an action under this section which is based on the
> information.

31 U.S.C. § 3730(e)(4) (1994) (the "pre-2010 version").  The term "criminal, civil, or

administrative hearing" includes "allegations and information disclosed in connection with civil,

criminal, or administrative litigation."  United States ex rel. Smith v. Yale Univ., 415 F. Supp. 2d 58, 70 (D. Conn. 2006).

The pre-2010 public disclosure bar is jurisdictional.  See Rockwell Int'l Corp. v. United States, 549 U.S. 457, 467-68 (2007).[4]  The relator has the "burden to show by a preponderance of the evidence that the FCA's public disclosure bar [does] not deprive the district court of jurisdiction."  Hanks II, 961 F.3d at 136.

## II.    Public Disclosure

Under the pre-2010 version of the statute, the public disclosure bar applies to any *qui tam* action "based *in any part* upon publicly disclosed allegations or transactions."  United States ex rel. Kreindler & Kreindler v. United Technologies Corp., 985 F.2d 1148, 1158 (2d Cir. 1993) (emphasis added).  Indeed, the public disclosure bar applies even if the complaint is not based "solely" on public material.  Id.  Put differently, the relator's complaint need only be "substantially similar" to the prior disclosure.  Glaser v. Wound Care Consultants, Inc., 570 F.3d 907, 920 (2d Cir. 2009) (cleaned up).

The United States and the provider defendants have identified dozens of civil lawsuits and news reports – filed or published prior to 2008 – containing the same and/or similar allegations to those in Hanks's action – namely, that Amgen was inducing healthcare providers to over-prescribe its covered drugs and that physicians received kickbacks as a result of defendants' scheme.  See Gov. Stmt. of Interest (Dkt. 250) at 5; Defs.' Mot. to Dismiss (Dkt. 225) at 15-17.  Hanks counters that, because certain of these public sources did not mention the

---

[4] By contrast, the 2010 version of the public disclosure bar is *not* jurisdictional.  See United States ex rel. Chorches for Bankr. Estate of Fabula v. Am. Med. Response, Inc., 865 F.3d 71, 80 (2d Cir. 2017).  This is because, when Congress amended the FCA in 2010, it changed the first words of the public disclosure bar from "[n]o court shall have jurisdiction" to "the court shall dismiss an action or claim under this section."  See Piacentile v. U.S. Oncology, Inc., No. 22-18, 2023 WL 2661579, at *4 (2d Cir. March 28, 2023) (citing 31 U.S.C. § 3730(e)(4)(A) (2010)).

provider defendants by name, the disclosures did not encompass all "essential elements" of the alleged fraud.[5]  I disagree.

Recent Second Circuit precedent has rejected this exact argument, reasoning that "the public disclosures relating to the fraud must *either* explicitly identify that defendant as a participant as an alleged scheme, *or provide enough information about the participants in the scheme such that the defendant is identifiable*."  Piacentile v. U.S. Oncology, No. 22-18, 2023 WL 2661579, at *2 (2d Cir. March 28, 2023) (applying the pre-2010 version of the public disclosure bar).  As in Piacentile, the public disclosures identified by the United States and the provider defendants "provided notice to the government of the essential elements of the kickback scheme such that it would have been able to discover" each provider defendants' involvement in the scheme.  Id.  More specifically, the prior lawsuits and news reports "alleged that Amgen's customers" – i.e., the provider defendants – "actively participated in the kickback scheme."  Id. In other words, the seventh amended complaint pleads no new material allegations to the prior lawsuits and news reports – at most, it simply identifies additional participants in the scheme of which the United States was already on notice prior to the filing of this action.

Therefore, Hanks's seventh amended complaint is "substantially similar" to and based on previous "allegations [in a] civil [] hearing" and "the news media."  31 U.S.C. § 3730(e)(4) (1994).  Because the public disclosure bar does not apply if Hanks is an original source, the Court must address that question.[6]

---

[5] Hanks's seventh amended complaint cites a 2007 New York Times article regarding how certain medical providers and their respective physicians profited off of the discounted sale of Amgen's drugs, demonstrating his awareness of at least some of these public disclosures.

[6] See also Hanks I, 336 F. Supp. 3d at 112 ("[T]he Court finds that this action is based in part on allegations or transactions which were publicly disclosed in prior civil hearings and in the news media.").

### III.    Original Source

To qualify as an original source under the pre-2010 version of the FCA, courts in this Circuit follow a three-part inquiry that asks whether the relator has (1) voluntarily provided such information to the United States prior to filing the suit, (2) direct and independent knowledge of the information on which the allegations are based, and (3) directly or indirectly been a source to the entity that publicly disclosed the allegations on which a suit is based.  See Piacentile, 2023 WL 2661579, at *3.  A relator must meet all three elements to qualify as an original source.

With respect to whether Hanks "voluntarily provided" the information in his seventh amended complaint prior to filing this suit, Hanks makes little effort to identify allegations in this complaint that would satisfy this element.  Indeed, at oral argument before the Second Circuit, Hanks's counsel conceded that his then-operative complaint did not allege that Hanks had voluntarily provided information to the United States about this scheme.[7]  Hanks's opposition brief's last-ditch attempt to identify his original 2008 lawsuit as meeting the "voluntarily provided" requirement is meritless: the plain text of the statute says "*before* filing an action," not "contemporaneous with filing an action."

Because Hanks fails at the first step of the original source analysis, the Court need not address the other two elements.  See Piacentile, 2023 WL 2661579 at *3 (holding that relator was not an original source after finding that he did not meet third element of the test, without

---

[7] See Ex. 1 to Defs.' Mot. to Dismiss at 36:18-23 ("Q: There is no allegation in any of the complaints [that Hanks] voluntarily provided information to the government about this scheme, correct? A: That is correct, Your Honor."). Hanks fails to identify any allegations he may have added in his seventh amended complaint (i.e., after this oral argument) to support the element of voluntarily providing information to the United States about this scheme, let alone the timing of that provision.

addressing first and second elements).  Hanks is not an "original source" within the pre-2010 FCA's definition.  The Court thus lacks subject-matter jurisdiction over Hanks's FCA claim.[8]

## IV.    State-Law Claims

In addition to his FCA claim, Hanks also brought several claims under FCA state-law analogues.  A district court "cannot exercise supplemental jurisdiction unless there is first a proper basis for original federal jurisdiction," therefore, "when a district court [] dismisses all federal claims for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), the district court is thereby precluded from exercising supplemental jurisdiction over related state-law claims." Cohen v. Postal Holdings, LLC, 873 F.3d 394, 399 (2d Cir. 2017); see also James v. Well Life Network Incorp., No. 22-cv-7469, 2023 WL 3997264, at *2 (E.D.N.Y. July 14, 2023) (applying this principle in context of case involving an FCA claim and state-law claims).

## CONCLUSION

Because Hanks is not an original source, the public disclosure bar set forth in the pre-2010 False Claims Act applies.  The Court therefore lacks subject-matter jurisdiction over Hanks's FCA claim and is accordingly prohibited from exercising supplemental jurisdiction over his state-law claims.  Therefore, defendants' motions are granted and the action is dismissed.

**SO ORDERED.**

*Brian M. Cogan*
_____
U.S.D.J.

Dated: Brooklyn, New York
      September 18, 2024

---

[8] Because the Court is dismissing Hanks's FCA claim for lack of subject-matter jurisdiction under Rule 12(b)(1), it need not address defendants' other grounds for dismissal under Rule 12(b)(6).